Thank you. We're ready for our final matter. Morton v. USV at all. Mr. Lader. Yes, good morning. May it please the court. My name is Daniel Lader on behalf of Appellant Jamal Morton. I would like to reserve seven minutes for a bottle time, please. Okay. So before we start, let me ask you a practical question. What do you want us to do here? If this were to go back to the district court, what are you going to ask the district court for? So there are essentially two lines of responses to that. There's Jamal Morton in particular, and assuming that the class is certified, there would have to be a determination whether any of any or all the class members have received their economic impact payment, or if not, then there would be separate damages for that. Well, but for purpose, but for purposes of a class action, we're not there yet. We're talking about putative class here. We're not here on a 23F appeal, but I take it from your answer is that if we were, as Judge Restrepo's question implied, to send this back, and it were determined by the district court that Mr. Morton had received his, to use the legal fiction, tax refund, we got a moot claim, at least as far as that representative plaintiff is concerned, correct? No, I would not. I'm not agreeing with that entirely. Just because he received the payment doesn't mean that there were no, there was no harm inflicted. It doesn't mean that there's no remedy for damages. You're arguing emotional distress because he didn't use the tax refund? No, the time value of money, the utility for the delay and the necessity. No, no, no, no, no, no, no, no. Wait a minute. We're talking about, this was filed as a B2 action, wasn't it? That I have not. Well, that's pretty important because that's for injunctive action only, injunctive or declaratory relief. This was for that in addition to compensatory damages. Well, that would be a B3 action. Maybe I misunderstand how it was pled, but that's pretty important in terms of knowing what happens if this were to go back. I apologize for not being prepared for that. I'll be happy to look into that in a private court at a later date. But the question is whether there are damages that can be awarded for the fact that the statutory language is clear. These EIP advanced refunds were required to be issued as rapidly as possible. And we all understand that that's because the CARES Act was designed to combat a more or less unprecedented economic effect of the pandemic. And the governor of the Virgin Islands was clearly contrary to his statutory language. And Jamal Morton, through his counsel, attorney DeRusso, attempted to avoid the litigation. Okay, we know all that. But this is a case that is before us. And because you have appealed a dismissal, right? That's correct. And the dismissal was for a lack of standing, correct? The dismissal was for purported lack of standing, yes. And yet, in your brief, your blue brief raises as a first issue, the question of the filing of a return. Am I right? That's correct. Isn't that a merits issue? Isn't that a statutory requirement as opposed to a standing requirement? Your Honor, that was an element of our argument. I would agree with that. Why do we even need to interpret the statute to resolve an appeal on a determination of constitutional standing? Not prudential standing, statutory standing, what you want to call it. Correct. All you need is a plausible allegation that the right was being violated. And I submit that that occurred from the outset. And standing really shouldn't have been the issue. And as the court brought to our attention the case in reprise, after the filing of the complaint, it becomes whether or not the case was moved. And I would submit that that cannot be determined from the record either, and that it was not moved for many reasons. Well, it can't be determined from the record. But I also think, and I'm certainly not trying to put words in his mouth, but Judge Restrepo's question certainly implicates the practicality of whether or not Mr. Morton and presumably others have received their so-called tax refund. Have they or haven't they? Surely you know. I mean, it would be good for this panel to know. That's correct, Your Honor. Mr. Morton did receive his EIP refund. All right. I believe the check was dated November 29th, or I'm sorry, December 29th. However, the special mootness and relation back rules that apply even before certification in the punitive class action contest require a determination of whether all the class members gave the EIP, simply the fact that... The only question before us is whether or not Mr. Morton did, because this is only a punitive class action, and we have no... We therefore have no certification. Whether or not anybody else received anything is not really before us right now, is it? I think, I believe it is, and there's Supreme Court President, City of Riverside v. McLaughlin, discussing the relation back doctrine, which is related to what they were talking about in In Re Price, but In Re Price wasn't styled as a punitive class or certified class action. So, in that case, the question was whether the claim was transitory, repetition, yet evading review, which the court decided that it was, and heard the case despite the potential for mootness, and, Relatedly, if it was special rules for class action... There is no other party before this court right now, other than Mr. Morton, and the defendants who are named, right? Correct, but this, in City of Riverside, the Supreme Court said transitory claims like this, even prior to certification of the class action, can be related back, and this court in Richardson discussed the picking off doctrine. Exactly, but this isn't a picking off question. Picking off issues arise when a defendant reaches out and pays only a named representative plaintiff for purposes of attempting to moot the class action, and I would agree there's plenty of jurisprudence that suggests that picking off in and of itself does not moot a class action, but we're not there yet. We are, and if Mr. Morton were to be determined to no longer have standing here because he has been, or his claim is moot rather, because he's been fully compensated, then you may be able to find another class representative or representatives plural. I would try to get a little more granular in that in that otherwise accurate analysis that the record evidence shows that the named plaintiff had been paid, and it doesn't necessarily, you don't have to say that, you don't have to infer that the sole intent was to pick off, but the record evidence only shows that he was paid, but it does not show whether any, or more importantly, all of the putative class members were paid, and they're trying to claim that it was moot anyway. Counsel, I've taught a class actions course for 12 years, and I don't know what you're saying. So let's assume that, just humor me for a minute, let's assume Mr. Morton's the only player in the game. What are you asking the district court to do when you go back, if you go back, with respect to Mr. Morton? Correct. The government of Rhode Island never admitted its policy was illegal, it just changed it, and as far as we know, only Mr. Morton received his EIP. The legality of the policy, I'm really, it's like I read one case and I'm hearing another case. This is only a 2020 EIP, is that right? We're not talking about cable repetition, we're talking about a one-year tax refund for 2020, which he now has. There's a policy in place that prevented your client from getting it, because he was incarcerated at the time. Policy has rescinded, he's been paid the 2020 EIP. Other than the fact that we got up and came in here, why are we here? Well, the record evidence makes absolutely clear the only reason they changed the policy and paid him is because he filed suit. What evidence does it make? They changed the policy, he got his money. Because you can receive nominal damages, we have a Supreme Court case from this year. So now we're talking about nominal damages, why don't we all kick in a dollar and pay this guy? The Supreme Court held just this year that they are sufficient to provide retrospective relief for a wronged constitutional right. You don't need nominal damages, you got your tax return, you don't need a dollar. I don't know how much he got, but he got his tax refund. He got everything he asked for. This case would show that there was an illegal equal protection violation, which is a constitutional right that was afforded to Morton and the incarcerated. And they had no recourse but to file suit, which brings its own set of costs. Would it be a fair statement to say that the driving issue here are attorney's fees? In the context of your initial question for Morton alone, I believe that... He's not the only guy we can consider. So in the Morton universe, what this boils down to is attorney's fees, yes or no? Yes, as well as the declaration that the constitutional right was violated. Well, you need that to get your attorney's fees. Correct. But it's meaningful in its own right as well. And that would provide a counter to the perverse incentive for executive agencies to just be free to disregard statutory language and take an illegal position. That's what holding this case to be moot would do for them. They knew it was wrong. It was clearly contradictory to the statutory text. So allowing them to just delay, delay, obfuscate until it's quite clear that they're going to lose in litigation and then say, OK, it's moot because you knew you were going to lose, so you changed your ways finally. And the 11th hour is not... Was it the 11th hour? I agree that there was a 180 degree turn here, but it happened some time ago, did it not? Where the government of the Virgin Islands changed its position and said, OK, you know, you and I think probably did so because of the Shoal decision? Correct. I say the 11th hour because of the statutory deadline of the end of calendar year 2020. So if I understand your position correctly, this case only has any value as a class action. If you can aggregate enough claims for purposes of getting interest. Is that right? Is that your response? Not exactly, but... Well, tell me exactly. It would have declaratory relief that the practice was illegal that would impose costs on the governmental actors. That is moot, isn't it? If they've conceded that we do owe these payments and then they have made the payments, then there is no need to proceed with a declaration. They've essentially admitted it. There is no basis for proceeding with an injunction because they've made the payments. The only thing that's left is to claim interest that is due because of a late reimbursement of these payments. Well, if you assume that class certification is still on the table for this analysis, then we don't know whether all the payments were made. Well, of course, class certification is still alive if the underlying action is still there because you've pleaded it is a punitive class action. It simply has not proceeded through the certification process under Rule 23. I brought up the relation back doctrine because mooting out only the main plaintiff's claim does not move the claims of the class, which is why I believe the district court should consider the issue in the first place. I agree with that and you don't need the relation back doctrine necessarily to accomplish that. But I think we're going in circles. Is it your position that the VI changed this policy because of this lawsuit or the other lawsuit? I believe it is in conjunction and I don't believe that Virgin Islands ever admitted the practice was illegal. I think they just reversed course to avoid a lawsuit. Well, they don't have to admit that it's illegal for purposes of your claim. Why would they have to admit it's illegal? Why is it not sufficient for them to simply comply, if you will? Because that would provide whether it's a specific stimulus payment or another congressional directive that would give them an incentive to delay and impose costs on private parties to point out that there's a clearly statutory violation or it's. I'm sorry, I thought there was going to be a clock on screen that I don't see. It's red. Thank you very much for reminding us of the over time, Mr. Case. Be happy to answer any final questions before turning over to my opposing counsel. Okay, well, I think we're ready to turn it over to opposing counsel. Mr. Case. Yes, good morning, your honors. Assistant Attorney General Kenneth Case on behalf of the United Virgin Islands government, the FLE. You're resting on your brief, Mr. Case. Am I resting on it? No, you're on it. Oh, you're killing me. Unless you'd like me to. It's your dime. I mean, if your honors don't have any. Would you agree with me, Mr. Case, that the question here that has been argued, it seems, is based on whether or not Morton is statutorily entitled to an EIP and that that's an entirely distinct question from whether or not there was Article 3 standing. Merits versus the constitutional question of standing. Well, if he's not entitled to the EIP, then there's no there's no possible damages because his entire case is based on the fact that he didn't receive the money. You don't see that as prudential standing or so-called statutory standing as opposed to constitutional standing. For which you really need only plead that he's been, among other things, impacted economically, damaged, denied some emolument. He's got to pass that constitutional hurdle first. I concede I have problems with standing analysis, too, but it's a constitutional question that first needs to be resolved. And it's the constitutional question that I understand the district court to have ruled upon here and dismissed the complaint. Yes? Right. They did rule on that. The trouble I have with it is I think the district court conflated statutory standing or the merits considerations under the statute with what is required for standing purposes. Well, I also think that they haven't treated any differently than similar situations. I get it. Unincarcerated individuals, which would be the requirement. Well, maybe you will stand on your brief. Thank you. In case we understand your argument, we thank you for ceding time. Mr. Lader, did you use your rebuttal? Yes. Okay. One minute less than our opening discussion. Okay. Why don't you take the one minute as rebuttal? Sounds good, your honor. So at the very least, as an individual, irrespective of class, Morton is entitled to release on count two or the equal protection clause, which is made applicable to the USVI through the revised Organic Act. And through that, he can get a declaration against section 1983 relief, nominal damages that his rights were violated. He had no recourse other than to bring suit. And to declare this case moot only because they were finally pressured into changing their ways would unfairly impose all the costs of the private party, allow the governmental actor to take whatever action at once, contrary to law, and to have no consequences if it imposes on voluntary cessation. Well, it seems to me those are points you can make to the district court if we remand this case after determining that the district court was wrong to find a lack of standing, but that we have questions regarding mootness. Right? Isn't that the proper form to resolve the mootness claim? Since there's nothing in the record before us to demonstrate that your client, Mr. Morton, or anybody else has been paid. That's correct, your honor. I would agree with that. And we look forward to bringing those arguments before the district court. The district court will look forward to it. He just conceded. He just conceded. Yeah, yeah, yeah. Mr. Liddy, thank you very much for taking the matter under advisement.